The opinion of the court was delivered by
Hornblower, O. J.
It is assigned for error, 1st. That the justice after hearing the cause, took time to consider until a *59 certain day to which he adjourned the cause, and on that day, rendered judgment against the defendant below, without giving him notice of the time and place to which he had adjourned.
In support of this objection, the counsel cited, Clark v. Read, 2 South. R. 486. Semple v. The Trustees &c. 3 Halst. R. 60; Edwards v. Hance, 7th Halst. R. 108. Pierson v. Pierson 2 Halst. R. 125. But these cases do not sustain the plaintiff. The party against whom judgment had been given, in each of those cases, had appeared at the trial, and the judgments had been after-wards rendered in their absence, without any regular adjournment of the cause, or any notice to the defendant, of the time and place when judgment would be given — Whereas in the case now before us, the defendant had been brought into court upon a warrant: when at the request of the plaintiff, the cause was regularly adjourned, in the presence of the defendant. On the day to which the cause stood adjourned, he did not appear: the plaintiff and his witnesses appearing, the justice proceeded to try the cause, and after hearing the matter, took time to consider of his judgment, until a certain day and hour named and appointed by him — Oil that day it is true, he rendered judgment, against the defendant in his absence, and without having given him any notice thereof. But he was not bound to give him notice. If the defendant had appeared at the trial, and the Justice had rendered judgment at a subsequent day, without adjourning the cause to that day, or giving the defendant notice of the time and place when judgment would be pronounced, it would have been error, according to the rule as settled in the cases cited by the plaintiff’s counsel. But if a party does not attend on the return of the process, or on a day to which a cause has been regularly adjourned in the presence of the parties and with the knowledge of the defendant, and a further adjournment becomes necessary, the justice is not bound to send after the defendant and give him notice of such further adjournment, but may proceed in his absence, Slaght v. Robbins, 1 Green R. 340. (See note p. 61.)
2dly. That the action being for a tort, it was error in the justice, to issue a warrant for the defendant. If it was necessary now to decide that matter, I should have some doubt as to the propriety of issuing a warrant in such oases. By the 8th sect, of the act, (Rev. laws 630.) it is enacted, that the process shall *60 be by summons, where the defendants are freeholders and residents in the county, and where the defendant cannot be held to bail. By the 10th, sect, a warrant may be used in all cases where the defendant is not a freeholder, and can by law, be held to bail. It is true, a person may be held to bail for a tort; but not as a matter of right. It rests in the discretion of a Judge, upon an affidavit of facts, and the special circumstances of the case, whether a defendant shall be held to bail in such a case, and in what sum, he shall be required to give bail. But though defendants may be held to bail in actions ex delicto, yet they are denominated in our books, actions “ not bailable; ” (1 Sell. Pr. 32 and Seq.) and those only are called, “ bailable actions ” in which the .defendant may be held to bail as a matter of course, upon an affidavit of the sum due. When therefore the legislature authorise a warrant in the nature of a capias, in cases where a defendant can be held to bail, it may well be doubted, whether they intended any thing more-, than that such process might be used in all “ bailable actions,” and this construction seems to be more, reasonable, when we reflect, that a justice has no authority to make an “ order for bail; ” and consequently, a plaintiff may for the most trifling injury, cause a man to be arrested, and held to bail for one hundred dollars. The practice, however, it is said, has been for justices to issue warrants in such cases ever since the court for the trial of small causes has been established; and whether right or wrong, the plaintiff in Certiorari, cannot now avail himself of this objection. He is too late: he ought to have interposed it, when he was taken before the justice, this he did not do, but submitted to the process.
Lastly; The plaintiff in Certiorari objects to the sufficiency of the state of demand. In form, it is certainly very defective, and contains much that is unmeaning and useless; but substantially, it alleges that the defendant, did with intent to deceive him, and to deprive him of his right of appealing, conceal from him, the fact that he had rendered a judgment against him, and thereby did deprive the plaintiff, of his right to appeal, to his great injury &c. For such a deceit, I think an action well lies against a justice of the peace. Let the judgment be affirmed with costs.
Ford and Ryerson, Justices, concurred.

Judgment affirmed.

*61 * Note. It would appear by the reporter’s note prefixed to the ease of Brannin v. Voor-heis, 2 Green R. 590, that this decision is in conflict with the judgment of the court in that case. But it is not so. In Brannin v. Voorheis, the defendant did attend on the return of the summons, the cause was then adjourned. On the day to which the cause was adjourned, the justice himself did not attend. He afterwards “ prepared another written adjournment,” and sent it to the defendant by the constable; but it did not appear that the defendant ever received it.
Cited in Taylor v. Doremus, 1 Harr. 478; questioned in Mangold v. Thorpe, 4 Vr. 136.